```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

ROBERT CARL MCKAY,              §
                                §
VS.                             §   CIVIL ACTION NO.4:08-CV-345-Y
                                §
NATHANIEL QUARTERMAN,           §
Director, T.D.C.J.              §
Correctional Institutions Div., §

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Robert Carl McKay under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on May 14, 2009; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on June 26, 2009.[1]

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be denied, for the reasons stated in the magistrate judge's findings and conclusions, and as set forth herein.

In his objections, McKay complains that the state-court record does not contain a copy of pro-se motions and a pre-trial application for writ of habeas corpus filed by him during the state-court

---

[1] The magistrate judge originally provided until June 4, 2009, to file written objections. Although McKay initially sent a document entitled "Formal Object to Magistrate Judge's Findings," the Court construed that document as a motion for a copy of the state-court record, denied that motion, and gave McKay additional time to file written objections. Although McKay's June 26, 2009, "Objections" again are devoted to complaints about the record, as the Court already gave McKay an extension to file written objections, these objections are considered as labeled.

proceedings. He asks the Court to hold an evidentiary hearing and order the production of these papers. The criminal docket does list three pro-se filings by McKay, including a February 2, 2003, application for writ of habeas corpus, but the record only contains a copy of one of the motions, filed on December 30, 2002. *Ex parte McKay,* WR-69,031-01 at 110; *McKay v. Texas,* No.2:03-296-CR, Clerk's Record Volume 1, at 13. The other papers are not included in the state-court records provided to this Court.

But as McKay himself acknowledged, he is not entitled to an evidentiary hearing if he failed to use diligence in developing these facts during the state-court proceedings.[2] (June 5, 2009, motion at 6.) McKay did not contend in his state writ application, or in any of his other filings during the review of his state writ application, that he had presented the claims made the basis of his post-judgment application in his pre-trial writ application, or that the pre-trial application had any relationship to his claims, or that review of that application was necessary. *Ex parte McKay,* WR-69,031-01 at 2-34, 45-50, 69-86. Thus, he is not entitled to an evidentiary hearing.

Furthermore, the Court concludes that the failure to examine the pre-trial application for writ of habeas corpus would not affect the resolution of the claims McKay brought in state court or in this proceeding.  The only claim that could have related to the

---

[2]*See generally* 28 U.S.C. § 2254(e)(1) and (e)(2)(setting the standards a § 2254 application must meet to warrant an evidentiary hearing)(West 2006); *Williams v. Taylor,* 529 U.S. 362, 437 (2000)("[P]risoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error. If the prisoner fails to do so, himself . . . contributing to the absence of a full and fair adjudication in state court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met.")

pre-trial proceedings several months before trial[3] is McKay's allegation that counsel was ineffective for failing to investigate witnesses Jason Rudd and Natasha Williams. But the pre-trial application was filed in February 2003, several months prior to trial, and it is evident, as the state court found, that an investigator appointed to work on the case on McKay's behalf failed to locate Natasha Williams or Jason Rudd. *Ex parte McKay,* WR-69,031-01 at 90.  Thus, a review of the substance of McKay's pre-trial writ application, filed several months before the case came to trial, would not affect this Court's resolution of McKay's claims for relief under 28 U.S.C. § 2254.

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

Petitioner Robert Carl McKay's petition for writ of habeas corpus is DENIED.

SIGNED July 8, 2009.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[3] Witness Dr. Barry Norman did not become involved until the day of trial, July 14, 2003.